IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NORWOOD COOK, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:14cv00336 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RITA PERKINS, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Norwood Cook, Jr., proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1981. Cook alleges that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments and the "Religious Restoration Act," by failing to provide Cook with a diet consistent with his religious beliefs.[1] To succeed on a claim under § 1981, a plaintiff must demonstrate, *inter alia*, that a defendant intended to discriminate on the basis of race. *Denny v. Elizabeth Arden Salons, Inc.,* 456 F.3d 427, 434 (4th Cir. 2006). Cook makes no allegation of racial discrimination in his complaint, and thus, I will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[2]

ENTER: This 19th day of December, 2014.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] As defendants, Cook names Secor ("the corporation that owns and operates" the halfway house where he was living at the time of the alleged violations) and the Director and Assistant Director of Secor.

[2] Further, I decline to construe Cook's complaint as an action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), because Cook states that the defendants were not acting under color of either state or federal law when the alleged violations occurred. To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42 (1988). To state a claim under *Bivens,* a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. *Bivens,* 403 U.S. at 389. As Cook has indicated in his response to the court's order that the defendants were not acting under color of either state or federal law, he cannot maintain a § 1983 or *Bivens* action against these defendants.